# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANE DOUGHERTY, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-2507 |
| | : | |
| WILLIAM J. BRENNAN, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**KENNEY, J.**                                                                                                                 **JUNE 21, 2021**

      Plaintiff Shane Dougherty, a convicted prisoner currently incarcerated at the State Correctional Institution – Pine Grove, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, naming as Defendants defense attorneys William J. Brennan and Richard J. Fuschino, Jr. (ECF No. 2.) Dougherty has also filed a Motion for Leave to Proceed *in Forma Pauperis* together with an inmate account statement (ECF Nos. 1 and 3.) For the following reasons, the Court will grant Dougherty leave to proceed *in forma pauperis,* dismiss his federal claims pursuant to 28 U.S.C. § 1915(e)(2)(B), and dismiss any state law claims for lack of subject matter jurisdiction.

**I.**     **FACTUAL ALLEGATIONS**[1]

      Dougherty asserts that the named Defendants engaged in "legal malpractice, violations of diligence, specific performance as a cause of action, breach of duty, care and negligent action." (ECF No. 2 at 3.)[2] Dougherty further alleges that the named Defendants "acted under color of Pennsylvania state law as licensed lawyers. Breach of professional duty, state ethics

---

[1] The allegations set forth in this Memorandum are taken from Dougherty's Complaint.

[2] The Court adopts the pagination assigned to the Complaint by the EC/ECF docketing system.

rules, statute and customs of the PA Bar Associations rules." (*Id.* at 4.) Based on this alleged conduct, he seeks to pursue claims under 42 U.S.C. § 1983. (*Id.* at 3.)

Dougherty provides a narrative description of the events giving rise to his claim. Therein, he alleges that despite numerous attempts by Dougherty and family members, Defendants Brennan and Fuschino did not counsel Dougherty prior to his court appearances. (*Id.* at 13.) He claims that his attorneys never relayed any plea offers to him. (*Id.*) He alleges that his attorneys were not present for his PSI interview and did not review the PSI report with Dougherty after it was completed. Dougherty claims that from the date of retention of counsel on September 14, 2018 until Judge Carmody requested a list of witnesses for the commencement of trial on February 11, 2019, his attorneys never consulted with him. (*Id.*) Dougherty alleges that Defendant Brennan contacted him only once during that period to notify Dougherty that the initial payment of $10,000 would not be enough and that Dougherty would need to pay an additional $10,000. Dougherty agreed to pay and requested a consultation to discuss his case, including any plea offers. He was told that his attorney could not consult with him because he "only had a toe in at this point" and would not familiarize himself with Dougherty's case until he received the additional $10,000. (*Id.*) Even after the additional $10,000 was paid, Dougherty claims that he never received a consultation, despite requests from himself and his family. (*Id.*) Dougherty alleges that though plea offers were conveyed to counsel, Dougherty was never made aware of them. Dougherty alleges that he was advised to request an open plea on the day of trial and learned afterwards from his sister that plea offers had been made prior to that day. (*Id.*)

Dougherty claims that but for his attorneys' acts of malpractice, he would have achieved a more favorable outcome in his criminal case. (*Id.*) Specifically, he faults his attorneys for failing to counsel him during the PSI stage, failing to include mitigating information in the report, and eliminating his ability to consider a plea offer which could have resulted in an

2

entirely different outcome. He claims that Defendant Brennan and his associate abandoned him. (*Id.*) He claims that Judge Carmody stated at sentencing that Dougherty's sentencing was adversely affected by the needless preparation the Commonwealth was forced to undergo because Dougherty could not consider plea offers. (*Id.*)

As relief, Dougherty seeks recovery of $15,000 of the $20,000 paid to the Defendants.

Review of the public docket in *Commonwealth v. Dougherty*, No. CP-15-CR-2104-2018 (C.P. Chester), reveals that Defendant Brennan entered an appearance on Dougherty's behalf on January 2, 2019. On February 11, 2019, Dougherty entered a guilty plea. He pled guilty to four counts of burglary and, on May 30, 2019, was sentenced to 3 to 6 years confinement on Counts 1 and 2, to run consecutively, 2 to 8 years of confinement on Count 3, to run consecutively to count 2, and 2 to 8 years confinement on Count 4, to run concurrently with Count 3. He also pled guilty to 4 counts each of criminal trespass, theft by unlawful taking, and receiving stolen property. The docket reflects that Dougherty is currently waiting for a decision on a PCRA petition.

## II.  STANDARD OF REVIEW

Because Dougherty appears to be unable to pay the filing fee in this matter, the Court will grant him leave to proceed *in forma pauperis*.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) apply, which requires the Court to dismiss the Complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Whether a

---

[3] Because Dougherty is a prisoner, under the provisions of the Prison Litigation Reform Act, he must still pay the filing fee in full in installments.

complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Dougherty is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

### III.   DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). For the following reasons, Dougherty's Complaint must be dismissed.

Dougherty seeks to pursue a §1983 claim based on his attorneys' professional negligence. He contends that, because the named Defendants are licensed attorneys, the acted under color of state law. (ECF No. 2 at 4.) However, he is incorrect. "Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999). Therefore, he cannot satisfy the state actor element of a § 1983 claim. There appears to be no other basis for the exercise of federal question jurisdiction.

Moreover, to the extent Dougherty's Complaint can be liberally sonstrued to raise claims under state law, diversity jurisdiction is not available under 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).

An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F.App'x 308, 309 (3d Cir. 2010).Dougherty does not allege his own citizenship. Rather, he provides only the address where he is incarcerated. He provides what appear to be office addresses in Philadelphia for the named Defendants. (*Id.* at 2.) Thus, on the face of the Complaint, Dougherty has failed to meet

5

his burden to show diversity of citizenship and cannot establish the Court's jurisdiction over any state law claims he intends to pursue.[4]

Even if the citizenship of the parties was properly pled, Dougherty does not satisfy the amount in controversy element of diversity jurisdiction. "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint." *Spectacor Mgmt. Gp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997). "The sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999) (quotations omitted). Here, Dougherty seeks recovery of $15,000 in legal fees, an amount below the jurisdictional limit. Accordingly, diversity jurisdiction is lacking.

## IV. CONCLUSION

For the reasons stated, Dougherty's application for leave to proceed *in forma pauperis* will be granted and his Complaint will be dismissed in part with prejudice and in part without prejudice for lack of subject matter jurisdiction. No leave to amend will be granted because any

---

[4] Under Pennsylvania law, a defendant convicted of an offense cannot sue his attorney for negligence unless he is first granted post-trial relief on the ground that counsel was ineffective. *Bailey v. Tucker*, 621 A.2d 108, 115 (Pa. 1993). The record from the underlying state criminal case giving rise to this claim reflects that Dougherty has not been granted such relief. Alternatively, a defendant convicted of a crime may sue his attorney for breach of contract to recover fees, without first winning post-trial relief. *Id.* It appears that Dougherty intends to pursue recovery of his attorney fees. For the reasons stated, this Court lacks jurisdiction to consider these claims, but Dougherty may pursue them in an appropriate state court forum.

amendment would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). Rather, Dougherty may pursue his state law claims in a Pennsylvania state court with appropriate jurisdiction. An appropriate Order follows.

                        **BY THE COURT:**

                        /s/ Chad F. Kenney

                        **CHAD F. KENNEY, J.**